**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 16 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE SANTOS RODRIGUEZ-CORNEJO,<br><br>Petitioner,<br><br>v.<br><br>TODD BLANCHE, Attorney General,<br><br>Respondent. | No. 21-1270<br><br>Agency No.<br>A208-612-793<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 30, 2026**

Before: GOULD, MENDOZA JR., and DESAI, Circuit Judges.

Petitioner Jose Santos Rodriguez-Cornejo, seeks review of the Board of

Immigration Appeals' (BIA) dismissal of his appeal from an Immigration Judge's

(IJ) decision denying his applications for asylum under 8 U.S.C. § 1158(b)(1),

withholding of removal under 8 U.S.C. § 1231(b)(3) and protection under the

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

regulations implementing the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment ("CAT"), 18 C.F.R. § 1208.16(c). We have jurisdiction under 8 U.S.C. § 1252, and we grant the petition in part and deny in part.

1.  With regard to his asylum claim, petitioner waived his challenge to the BIA's denial of his asylum claim because he did not challenge that denial in his opening brief.  *See Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259 (9th Cir. 1996). We thus deny the petition as to Rodriguez-Cornejo's asylum claim.

2.  With regard to his withholding claim, Rodriguez-Cornejo proposed two social groups: (1) "Hondurans who have lived in the United States for a significant period of time," and (2) "Hondurans who have been targeted for and resisted gang recruitment."  The BIA properly concluded that the first group was not cognizable, but erred in its analysis of the second proposed particular social group.

The BIA properly concluded that the group "Hondurans who have lived in the United States for a significant period of time" "lacks the requisite particularity" because it does not provide a clear way of determining who qualifies as having lived in the United States for a "significant period."  The BIA found that Honduran society may not agree on what qualifies as a "significant period of time in the United States."  *See Reyes v. Lynch*, 842 F.3d 1125, 1135 (9th Cir. 2016) ("[I]n order to be 'particular,' a group must have some definable boundary.").  Perhaps

Rodriguez-Cornejo's applications could have survived the particularity analysis had he framed the group around the shared experiences that distinguish long-term returnees from Honduran society such as socialization in the United States and the resulting loss of language, cultural, and community ties to Honduras. But petitioner's particular social group lacks the requisite particularity.

However, the BIA's analysis of the second group was improper because it relied on outdated reasoning. The BIA held that "Hondurans who have been targeted for and resisted gang recruitment" also "lacks particularity" and cited *Ramos-Lopez v. Holder*, 563 F.3d 855, 862 (9th Cir. 2009), which held that "young Honduran men who have been recruited by the MS-13, but who refuse to join" is too "broad and diverse" a group to be a particular social group. That breadth and diversity rationale has not been followed. *See Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc); *Cordoba v. Holder*, 726 F.3d 1106 (9th Cir. 2013).

The phrase "resisted gang recruitment" in Rodriguez-Cornejo's second proposed group may not provide a clear benchmark because it is unclear what conduct qualifies as "resistance," what level of targeting is required, and how long after resisting recruitment a person remains a member of the group. But the BIA's analysis did not rest solely on those permissible concerns. Instead, it noted that the group "could include men, women, boys, and girls of all ages." And it relied on

*Ramos-Lopez*, which is outdated after our *en banc* decision in *Henriquez-Rivas v. Holder* in 2013.

We grant the petition as to petitioner's withholding of removal claim and remand with instructions that the BIA reconsider particularity in light of our *en banc* decision in *Henriquez-Rivas v. Holder*.

3. Substantial evidence also supports the agency's denial of CAT protection. An applicant seeking CAT protection must show "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). And he or she must also establish that the torture will be "inflicted by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1). Although Rodriguez-Cornejo was severely beaten in 2003, the record does not compel the conclusion that he now in 2026 faces a present likelihood of torture, upon return to Honduras. Rodriguez-Cornejo acknowledged that he has not been contacted or threatened by the individuals who previously harmed him since that time, does not know whether they are still alive, and presented no evidence that any individuals or gangs are still interested in harming him. Also, Rodriguez-Cornejo's family members have remained in Honduras without harm. Rodriguez-Cornejo has not met his burden to establish that it is more likely than not that he would be tortured if returned to Honduras.

*See Zheng v. Holder*, 644 F.3d 829, 835–36 (9th Cir. 2011) (rejecting petitioner's contention that he would face torture where "claims of possible torture remain speculative"). We conclude that Rodriguez-Cornejo is not eligible for CAT protection.

**PETITION FOR REVIEW GRANTED IN PART AND DENIED IN PART; REMANDED.**